## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JOSHUA COOK,

      Plaintiff,

                                    **Civil Action 2:23-cv-2314**
                                    **Judge Edmund A. Sargus, Jr.**
      v.                          **Magistrate Judge Elizabeth P. Deavers**

KATIE TROSTEL, *et al.*,

      Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, Joshua Cook, an inmate at the Chillicothe Correctional Institution ("CCI") (ECF No. 3) who is proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983. (*Id.*)  Currently before the Court are several motions filed by Plaintiff including, a "Motion for Injunctive Relief and Restraining Order Pursuant to Fed Civ Proc 65" (ECF No. 6); "Motion for Leave to Add Additional Defendants" (ECF No. 7); "Motion for Summary Judgment Prusuant (sic) to Federal Civil Rule 56" (ECF No. 10); "Emergency Request for Hearing on Injunctive Relief and Protection Order" (ECF No. 12) "Request to Clerk to Enter Default on to Court Record" (ECF No. 17); "Motion to Re Issue Summons and Complaint on Defendants Corby Free, Edward Shutek, and Joshua Neff with Special Instructions" (ECF No. 22); and "Motion Request for the Courts to Use a Female Pronoun When Referring to Her" (ECF No. 24).  Also before the Court is a Motion for Leave to File Motion to Dismiss and Answer Instanter filed by

Defendants Annette Chambers-Smith, Katie Trostel and Interested Party State of Ohio. (ECF No. 20.) The Court resolves these motions as follows.

## I.

Plaintiff moved for leave to proceed *in forma pauperis* in this action on July 20, 2023. (ECF No. 1.) By Order dated August 4, 2023, the Court concluded, following its *sua sponte* review, that Plaintiff's Complaint deserved further development and permitted Plaintiff to proceed on his claims. (ECF No. 4.) At that time, the Court ordered the United States Marshal to serve a copy of the Complaint, Summons and the Screening Order on the named Defendants. (*Id*.) In the Screening Order, the Court summarized Plaintiff's claims as follows:

> … plaintiff alleges that defendants violated plaintiff's Eighth Amendment rights by acting with deliberate indifference to plaintiff's safety. Specifically, plaintiff claims that defendants were aware of ongoing safety issues within the sex offender programs at the Madison and Belmont Correctional Institutions, where plaintiff was previously located, but have subjected plaintiff to continued physical and sexual victimization through mandatory participation in sex offender programming. (*See* Doc. 1-1, Complaint at PageID 15-17). Plaintiff further alleges that 67-MNH-12—the ODRC policy governing sex offender services—violates the Equal Protection Clause of the Fourteenth Amendment by mandating that male offenders participate in the program while allowing female offenders to participate on a voluntary basis.

(*Id*.) The Complaint named as Defendants Katie Trostel, Joshua Neff, Corby Free, Edward Shutek, and Annette Chambers-Smith in both their individual and official capacities. (ECF No. 3.) In the Complaint, by way of relief, Plaintiff seeks $750,000 in damages or punitive damages and asks the Court to enjoin ODRC from enforcing Policy 67-MNH-12. (*Id*.)

Shortly after the Court issued its Screening Order, Plaintiff began filing many of the motions that will be addressed herein. Further, the Court's docket reflects that on November 8, 2023, summons was returned executed as to Defendants Annette Chambers-Smith, Corby Free, Edward Shutek, and Katie Trostel. (ECF No. 16.) The docket also reflects that service was returned unexecuted as to Defendant Joshua Neff. (ECF No. 15.) When no Defendant

2

responded to the Complaint, by Order dated November 28, 2023, the Court directed the Clerk to mail a copy of the Complaint and Screening Order, (ECF Nos. 3, 4), to the Office of the Ohio Attorney General, Criminal Justice Section.  (ECF No. 19).  The following day, certain Defendants moved for leave to file a motion to dismiss and answer instanter.  (ECF No. 20.)  In that motion, the moving Defendants confirmed that, as reflected on the Court's docket, Defendant Neff had not been served.  (*Id.* at n.1.)  Further, they represented that, contrary to the information reflected on the Court's docket, Defendants Free and Shutek had not been served with a copy of the Summons and Complaint.  (*Id.*)  Consequently, Plaintiff has filed a motion to re-issue summons to these Defendants.  (ECF No. 22.)

With this background in mind, the Court turns to the various pending motions.

## II.

Plaintiff's motion requesting that the Court refer to her by a female pronoun (ECF No. 24) and the motion for leave to add additional defendants (ECF No. 7) can be addressed quickly at the outset.

With respect to the first motion, Plaintiff explains that she is a transgender inmate, has identified as female since early 2021, and is filing an application for a gender marker.  (ECF No. 24.)  Thus, she requests that the Court use a female pronoun when referring to her.  The Court will honor that request and Plaintiff's motion (ECF No. 24) is **GRANTED.**

As for the second motion, the Court construes this filing as a motion to amend the Complaint to include newly named defendants.  Plaintiff has not attached a proposed amended complaint to the motion.  Instead, Plaintiff asserts in her two-page motion that certain individuals, whom she identifies by name and address, "had knowledge of issues" and "had a form of conduct and caused injury to the plaintiff as a direct result of their actions."  (ECF No.

7.)  Rather than attach a copy of a proposed amended complaint, Plaintiff attached 42 pages of exhibits to her motion, apparently with the expectation that the Court would glean from that information the nature of her claims against these proposed new defendants.  To the extent this was Plaintiff's understanding, she is mistaken.  Indeed, she is required to attach a copy of her proposed amended complaint because it allows the Court "to review the proposed amendments and determine whether leave to amend should be granted."  *Williams v. Green*, No. CV 0:19-131-DCR, 2020 WL 13789206, at *1 (E.D. Ky. Mar. 6, 2020) (citing *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014)).  Because Plaintiff did not attach a copy of a proposed amended complaint, the Court will deny Plaintiff's request for leave at this time.

Should Plaintiff wish to name additional Defendants, she must move for leave to file an amended complaint and attach a copy of her proposed pleading setting forth her claims against them.[1]  Accordingly, Plaintiff's motion for leave to add additional defendants (ECF No. 7) is **DENIED, without prejudice**.  Plaintiff is advised that, consistent with the requirements of the Prison Litigation Reform Act (PLRA) of 1995 § 804, the Court would be required to screen any amended complaint Plaintiff may file.  *See, e.g., O'Neill v. Adams Cnty. Jail,* No. 1:23-CV-200, 2023 WL 6481844, at *3 (S.D. Ohio Oct. 5, 2023) (citing 28 U.S.C. §§ 1915(e)(2); 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) and screening amended complaint to determine whether it, or any portion of it, was subject to dismissal as frivolous, malicious, for

---

[1] Pursuant to Fed. R. Civ. P. 15, a Plaintiff may file an amended complaint as of right within 21 days of service of an answer or certain motions to dismiss.  If Plaintiff were able to comply with this requirement of Rule 15, a motion would not be required.  The Court still, however, would be required to undertake a *sua sponte* screening.  *See Hunter v. Washtenaw Cnty. Sheriff Jail*, No. 20-10534, 2021 WL 5832784, at *1 (E.D. Mich. Oct. 19, 2021), *report and recommendation adopted*, No. 20-10534, 2021 WL 5827030 (E.D. Mich. Dec. 8, 2021) (screening prisoner's amended complaint filed as a matter of course).

failure to state a claim for which relief can be granted, or because it seeks monetary relief from a defendant who is immune from such relief.).

### III.

Several of Plaintiff's other filings require more extensive discussion and will be considered in turn, either individually or by subject matter, as appropriate.

#### A.  Plaintiff's Motions Relating to Injunctive Relief (ECF Nos. 6 and 12)

Plaintiff seeks an injunction prohibiting "defendants from the practice and enforcing [] 67-MNH-12 and causing further harm and injury to the Plaintiff."  (ECF No. 6.)  According to Plaintiff, "[t]he Courts should ORDER the Defendants to stop mandating the program for Plaintiff and allow him not to be required to take said programming and ORDER ODRC not to inforce (sic) said CSOP Programing unless ordered by the Sentencing Court."  (*Id*.)

Federal Rule of Civil Procedure 65 permits a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage. Fed. R. Civ. P. 65(a) and (b).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also PGP, LLC v. TPII, LLC*, No. 17-6221, 2018 WL 2446702, at *3 (6th Cir. May 31, 2018) (quoting *Camenisch*, 451 U.S. at 395).

A district court considering the extraordinary remedy of a preliminary injunction must consider and balance the following four factors:

(1) whether the movant has shown a strong likelihood of success on the merits;

(2) whether the movant will suffer irreparable harm if the injunction is not issued;

(3) whether the issuance of the injunction would cause substantial harm to others; and

(4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)); *see also PGP, LLC*, 2018 WL 2446702, at *2, 734 Fed.Appx. 330 (same). "These factors are not prerequisites but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573. However, "[a]lthough the four factors must be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) (citations omitted); *see also Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982) ("Several of the circuits which have recognized the 'balance of hardships' test have now made it clear that the plaintiff must always demonstrate some irreparable injury before a preliminary injunction may issue."). Notably, the United States Court of Appeals for the Sixth Circuit has "never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief." *Friendship Materials, Inc.*, 679 F.2d at 103.

1. **Likelihood of Success on the Merits**

As noted, Plaintiff's initial burden here is demonstrating that she has a strong likelihood of success on the merits of her claims. As set forth above, the Court has construed Plaintiff's Complaint as alleging an Eighth Amendment failure to protect claim and an Equal Protection Claim under the Fourteenth Amendment.

With respect to Plaintiff's Equal Protection claim, "[t]he Fourteenth Amendment's guarantee of the 'equal protection of the laws' bars governmental discrimination that either (1) burdens a fundamental right, (2) targets a suspect class, or (3) intentionally treats one differently from others similarly situated without any rational basis for the difference." *Green Genie, Inc. v. City of Detroit, Michigan*, 63 F.4th 521, 527 (6th Cir. 2023). Thus, to prevail on an equal

protection claim, a plaintiff must prove that the government (i) treated the plaintiff disparately as compared to similarly situated persons, and (ii) that the disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis. *Andrews v. City of Mentor*, 11 F. 4th 462, 473 (6th Cir. 2021).

The Eighth Amendment requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish an Eighth Amendment claim against prison officials based on their failure to protect the plaintiff from attack by other inmates, a plaintiff must present evidence showing that the defendants' conduct amounted to "deliberate indifference" to a known risk of harm. *Farmer*, 511 U.S. at 837; *see also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

Deliberate indifference includes both an objective and a subjective element. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). The objective element requires the harm to be "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). Therefore, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. The subjective element focuses on whether prison officials "had a sufficiently culpable state of mind." *Id*. This requires that prison officials knew that inmates face a substantial risk of harm and "disregarded that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than a lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id*. at 835; *see also Reilly v. Vadlamudi*, 680 F.3d 617, 623–24 (6th Cir. 2012) ("Deliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error."). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

7

inference." *Id*. at 837.  It is not enough that the official "should" have perceived a substantial

risk but did not.  *Id*.  Further, "prison officials who actually knew of substantial risk to inmate

health or safety may be found free from [Eighth Amendment] liability if they responded

reasonably to the risk, even if harm ultimately was not averted."  *Id*. at 844.

       In her Motion, Plaintiff has made no attempt to apply the preliminary injunction factors

identified above to her particular circumstances.  She does not address the elements of either of

her claims.  Nor has she submitted any evidentiary support directed to these elements.

Allegations in her motion "do not constitute evidence supporting the injunctive relief [she]

seeks." *Johnson v. ODRC*, No. 1:23-CV-39, 2023 WL 5747170, at *2 (S.D. Ohio Sept. 6, 2023),

*report and recommendation adopted,* No. 1:23-CV-39, 2023 WL 6356981 (S.D. Ohio Sept. 29,

2023).  Given this state of the record, the Court cannot conclude that Plaintiff has a strong

likelihood of success on the merits of either of her claims.  Accordingly, this factor does not

weigh in favor of injunctive relief.

      **2.  Remaining Factors**

       Similarly, none of the other factors weigh in favor of injunctive relief here.  For example,

Plaintiff has failed to demonstrate that she will suffer irreparable harm in the absence of her

requested injunctive relief.  Further, when a motion may impact matters of prison administration,

the interests of third parties and the public weigh against granting an injunction.  Interference by

federal courts in the administration of state prison matters is "necessarily disruptive."  *Orum v.*

*Michigan Dep't of Corr.,* No. 2:16-CV-00109, 2019 WL 2076996, at *4 (W.D. Mich. Apr. 8,

2019), *report and recommendation adopted*, No. 2:16-CV-109, 2019 WL 2073955 (W.D. Mich.

May 10, 2019).  Finally, there is no public interest in granting extraordinary relief in the prison

context absent a sufficient showing of a violation of constitutional rights.  *Id.*

In sum, Plaintiff has failed to demonstrate that she is entitled to any form of injunctive relief.  Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion seeking injunctive relief (ECF No. 6).

> **3.  Plaintiff's Request for a Hearing (ECF No. 12)**

Plaintiff also requests a hearing on her request for injunctive relief and a protection order.  Plaintiff's request states that "Defendants are causing severe injuries" and that she "fears Retaliation for the filing of this Civil Action."  (ECF No. 12.)  She asks that the Court "order Defendants not to injure [her] any further."  (*Id*.)   Plaintiff has attached to her filing a subpoena directed to Katie Trostel seeking the "Entrie (sic) mental health/sex offender services file on Joshua D. Cook/ D.OB -  1.20.95 – inmate ID 785788."  (ECF NO. 12 at 3.)  To the extent that this filing may be considered as an extension of Plaintiff's request for injunctive relief, this request also is not accompanied by any evidentiary support.  Absent such information, the Court has no record from which to conclude that a hearing will assist in the disposition of Plaintiff's request for injunctive relief or a protection order.  For this reason, Plaintiff's Request for a Hearing (ECF No. 12) is **DENIED**.

> **B.  Plaintiff's Filings Relating to Default (ECF Nos. 17 and 21)**

Plaintiff requested that the Clerk enter default because the Defendants either failed to answer or waived filing an answer.  (ECF No. 7.)  In objecting to Defendants' motion for leave, Plaintiff requests that the Court also enter default judgment, at least as to Defendants Chambers-Smith and Trostel.

Lawsuits from incarcerated individuals are governed, in part, by 42 U.S.C. § 1997e. Subsection (g)(1) of that statute, entitled "Waiver of reply," states that "Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other

correctional facility," that "such waiver shall not constitute an admission of the allegations

contained in the complaint," and that "[n]o relief shall be granted to the plaintiff unless a reply

has been filed." The exception to this is that under subsection (g)(2), a court may require a

defendant to reply to a complaint.  Moreover, this section has been interpreted to mean that an

incarcerated plaintiff is not entitled to default judgment against properly served defendants who

have not filed an answer or other response.  *Vontz v. Monroe*, No. 2:19-CV-12735, 2021 WL

5629046, at *1 (E.D. Mich. June 22, 2021), *report and recommendation adopted,* No.

219CV12735TGBKGA, 2021 WL 5587339 (E.D. Mich. Nov. 30, 2021).  In short, because a

default judgment is not permitted against Defendants under the PLRA, it is **RECOMMENDED**

that the Court **DENY** Plaintiff's requests for entry of default or for default judgment.  (ECF Nos.

17, 21.)

### C.  Plaintiff's Motion for Summary Judgment (ECF No. 10)

Prior to moving for an entry of default, Plaintiff had moved for summary judgment,

citing Defendants' failure to file an answer or otherwise respond to the Complaint.  A motion

seeking summary judgment under Rule 56 is not the correct procedural vehicle for obtaining a

judgment against a Defendant under such circumstances.  As discussed above, the two-step

process for obtaining a default judgment is governed by Rule 55.

Moreover, even if Rule 56 were the proper procedural vehicle, Plaintiff moved for

summary judgment before service was ever obtained on Defendants.  As one court recently

explained:

> A motion for summary judgment is premature where the parties have not had an
> opportunity to conduct discovery. *Tribe v. Snipes*, 19 F. App'x 325, 327 (6th Cir.
> 2001). "A court may rule on a motion for summary judgment *only after* the
> nonmoving party has had adequate time for discovery." *E. Kentucky
> Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th
> Cir. 2004) (internal quotations omitted, emphasis added) (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986)); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."). Summary judgment motions filed before the close of discovery are often denied as premature in the Sixth Circuit. *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011); *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010); *see also Harris v. Jiangsu ASG Earth Env't Prot. Sci. and Tech. Co., Ltd.*, 2014 WL 4661953, at *2-3 (E.D. Ky. Sept. 18, 2014) (collecting cases).

*Ostrander v. Smith*, No. 23-10803, 2023 WL 6812644, at *1 (E.D. Mich. Aug. 17, 2023*), report and recommendation adopted*, No. 23-CV-10803, 2023 WL 6812056 (E.D. Mich. Oct. 16, 2023).

And, finally, even if it were appropriate for the Court to consider the merits of Plaintiff's motion for summary judgment, Plaintiff could not prevail. "'[W]hen faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden.'" *Din Malik v. Landstar Express Am.,* No. 20-12229, 2021 WL 6063647, at *3 (E.D. Mich. Dec. 22, 2021) (quoting *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013)). Plaintiff has not met her burden here. In short, Plaintiff's motion largely is limited to a recitation of Rule 56 and is unaccompanied by any evidentiary support.

For all of these reasons, and for the reasons set forth immediately above, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment. (ECF No. 10.)

## IV.

This brings the Court to Defendants' motion for leave to file a motion to dismiss and answer instanter. (ECF No. 20.) As discussed above, Plaintiff objects to this request by seeking, in part, a default judgment. Further, Plaintiff disputes any claim that Defendants Free and Shutek were not served, accusing Defendants of fraud and misconduct. Plaintiff also appears, at

least to some extent, to respond to Defendants' proposed filings on the merits rather than limit his objection to merits of the motion for leave.  For these reasons, Plaintiff's objections are not well taken.  Accordingly, for good cause shown, Defendants' motion for leave (ECF No. 20) is **GRANTED**.  The Clerk is **DIRECTED** to detach and file the Motion to Dismiss with accompanying exhibits and Defendants' Answer attached to the Motion.

### V.

Finally, Plaintiff has moved for the Court to direct the United States Marshal to re-serve Defendants Neff, Free and Shutek.  Plaintiff has submitted an additional summons and USMS service form for each of these Defendants.  For good cause shown, Plaintiff's motion (ECF No. 22) is **GRANTED**.  It is therefore **ORDERED** that the United States Marshal shall serve a copy of the complaint, summons, and this order upon Defendants Neff, Free, and Shutek as directed by plaintiff. All costs of service shall be advanced by the United States.

### VI.

For the reasons stated above, the following motions are **GRANTED:**  Defendants' Motion for Leave to File Motion to Dismiss and Answer Instanter (ECF No. 20); Plaintiff's Motion to Re Issue Summons and Complaint on Defendants Corby Free, Edward Shutek, and Joshua Neff with Special Instruction (ECF No. 22); and Plaintiff's Motion Request for the Courts to Use a Female Pronoun When Referring to Her (ECF No. 24).  The Clerk is **DIRECTED** to detach and file the Motion to Dismiss with accompanying exhibits and Defendants' Answer attached to Defendants' Motion (ECF No. 20).  The United States Marshal shall serve a copy of the complaint, summons, the screening order (ECF No. 4) and this order upon Defendants Neff, Free, and Shutek as directed by plaintiff.

Further, Plaintiff's Motion for Leave to Add Additional Defendants (ECF No. 7) is **DENIED, without prejudice** and Plaintiff's "Emergency Request for Hearing on Injunctive Relief and Protection Order" (ECF No. 12) is **DENIED.**

Finally, it is **RECOMMENDED** that Plaintiff's Motion for Injunctive Relief and Restraining Order Pursuant to Fed Civ Proc 65 (ECF No. 6); Plaintiff's Motion for Summary Judgment Pursuant to Federal Civil Rule 56 (ECF No. 10); and Plaintiff's Request to Clerk to Enter Default on to Court Record (ECF No. 17) be **DENIED.**

## <u>PROCEDURE ON OBJECTIONS TO THE REPORT AND RECOMMENDATION (SECTION III)</u>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: January 10, 2024                     _____/s/ *Elizabeth A. Preston Deavers*_____
                                           ELIZABETH A. PRESTON DEAVERS
                                           UNITED STATES MAGISTRATE JUDGE