UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA COOK,

    Plaintiff,

 v.

KATIE TROSTEL, *et al.*,

    Defendants.

Case No. 2:23-cv-2314
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on *pro se* prisoner Plaintiff Joshua Cook's Objection (ECF No. 40) to the January 10, 2024, Order and Report and Recommendation ("R&R") issued by the Magistrate Judge (ECF No. 26). Plaintiff objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's Motion for Injunctive Relief and Restraining Order Pursuant to Fed. Civ. Proc. 65 (ECF No. 6), Plaintiff's Motion for Summary Judgment Pursuant to Federal Civil Rule 56 (ECF No. 10), and Plaintiff's Request to Clerk to Enter Default on to Court Record (ECF Nos. 17 & 18).

The Magistrate Judge also denied Plaintiff's Motion for Leave to Add Additional Defendants (ECF No. 7) and Plaintiff's Emergency Request for Hearing on Injunctive Relief and Protection Order (ECF No. 12); and granted Defendants' Motion for Leave to File Motion to Dismiss and Answer Instanter (ECF No. 20), Plaintiff's Motion to Re-Issue Summons and Complaint on Defendants Corby Free, Edward Shutek, and Joshua Neff with Special Instructions (ECF No. 22), and Plaintiff's Motion to Request for the Courts to Use a Female Pronoun When Referring to Her (ECF No. 24). Plaintiff objects to the granting of Defendants' Motion for Leave to File Motion to Dismiss and Answer Instanter (ECF No. 20). When a party objects to a

1

magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The Court has carefully reviewed the record and considered Plaintiff's objection. The Magistrate Judge's granting of Defendants' Motion (ECF No. 20) is neither clearly erroneous nor contrary to law. Accordingly, the Court overrules Plaintiff's objection (ECF No. 40 at PageID #420–21) and adopts the Magistrate Judge's Order granting the Motion.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

After a *de novo* review, this Court agrees with and adopts the Magistrate Judge's R&R. Plaintiff sought injunctive relief prohibiting "defendants from the practice and enforcing of 67-MNH-12[, the ODRC policy governing sex offender services,] and causing further harm and [i]njury to the Plaintiff." (ECF No. 7 at PageID #111.) As to Plaintiff's motion for injunctive relief, the Magistrate Judge correctly assessed the request as follows:

> In her Motion, Plaintiff has made no attempt to apply the preliminary injunction factors identified above to her particular circumstances. She does not address the elements of either of her claims. Nor has she submitted any evidentiary support directed to these elements. Allegations in her motion "do not constitute evidence supporting the injunctive relief [she] seeks." *Johnson v. ODRC*, No. 1:23-CV-39, 2023 WL 5747170, at *2 (S.D. Ohio Sept. 6, 2023), *report and recommendation adopted*, No. 1:23-CV-39, 2023 WL 6356981 (S.D. Ohio Sept. 29, 2023). Given this state of the record, the Court cannot conclude that Plaintiff

2

> has a strong likelihood of success on the merits of either of her claims. Accordingly, this factor does not weigh in favor of injunctive relief.
>
> . . .
>
> Similarly, none of the other factors weigh in favor of injunctive relief here. For example, Plaintiff has failed to demonstrate that she will suffer irreparable harm in the absence of her requested injunctive relief. Further, when a motion may impact matters of prison administration, the interests of third parties and the public weigh against granting an injunction. Interference by federal courts in the administration of state prison matters is "necessarily disruptive." *Orum v. Michigan Dep't of Corr.*, No. 2:16-CV-00109, 2019 WL 2076996, at *4 (W.D. Mich. Apr. 8, 2019), *report and recommendation adopted*, No. 2:16-CV-109, 2019 WL 2073955 (W.D. Mich. May 10, 2019). Finally, there is no public interest in granting extraordinary relief in the prison context absent a sufficient showing of a violation of constitutional rights. *Id.*

(ECF No. 26 at PageID #310.) The Court adopts in full this analysis. None of the four factors that a Court must balance when considering this extraordinary remedy weighs in favor of granting a preliminary injunction.

The Magistrate Judge also recommended denial of Plaintiff's motion seeking default. (ECF No. 17.) As the R&R reasoned, default judgment is not permitted against Defendants under the Prison Litigation Reform Act:

> Lawsuits from incarcerated individuals are governed, in part, by 42 U.S.C. § 1997e. Subsection (g)(1) of that statute, entitled "Waiver of reply," states that "Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility," that "such waiver shall not constitute an admission of the allegations contained in the complaint," and that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." The exception to this is that under subsection (g)(2), a court may require a defendant to reply to a complaint. Moreover, this section has been interpreted to mean that an incarcerated plaintiff is not entitled to default judgment against properly served defendants who have not filed an answer or other response. *Vontz v. Monroe*, No. 2:19-CV-12735, 2021 WL 5629046, at *1 (E.D. Mich. June 22, 2021), *report and recommendation adopted*, No. 2:19-CV-12735-TGB-KGA, 2021 WL 5587339 (E.D. Mich. Nov. 30, 2021).

(ECF No. 26 at PageID #311–12.) The Court also adopts this analysis. Default is not permitted in this context.

3

Finally, the Magistrate Judge recommended denial of Plaintiff's Motion for Summary Judgment (ECF No. 10). As the R&R explained, summary judgment is not the correct vehicle for the relief Plaintiff was seeking; further, the Motion was not accompanied by any evidentiary support, which would be necessary for a consideration of the merits of the Motion. (*Id.*) The Court adopts this analysis, and Plaintiff's motion for summary judgment is denied.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objection (ECF No. 40) and **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation (ECF No. 26). Plaintiff's Motion for Injunctive Relief and Restraining Order Pursuant to Fed. Civ. Proc. 65 (ECF No. 6), Plaintiff's Motion for Summary Judgment Pursuant to Federal Civil Rule 56 (ECF No. 10), and Plaintiff's Request to Clerk to Enter Default on to Court Record (ECF Nos. 17 & 18) are **DENIED**. This case remains open.

**IT IS SO ORDERED.**

**3/6/2024**                           **s/Edmund A. Sargus, Jr.**
**DATE**                                **EDMUND A. SARGUS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**