IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA COOK,

    **Plaintiff,**

                              Civil Action 2:23-cv-2314
                              Judge Edmund A. Sargus, Jr.
    v.                       Magistrate Judge Elizabeth P. Deavers

KATIE TROSTEL, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, Joshua Cook, an inmate at the Chillicothe Correctional Institution ("CCI") (ECF No. 3) who is proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983. (*Id*.)  Currently before the Court are Motions to Dismiss filed by filed by Defendants Annette Chambers-Smith, Katie Trostel, and Interested Party State of Ohio (ECF No. 27)[1] and Defendants Corby Free, Joshua Neff, and Edward Shutek (ECF No. 55).  Plaintiff has responded to these motions (ECF Nos. 45, 61, 62) and Defendants have filed replies (ECF Nos. 46, 64). Also before the Court are several additional motions, including Plaintiff's Motion for Summary Judgment (ECF No. 29); Plaintiff's Accelerated Calendar Request for Emergency Motion for Temporary Restraining Order (ECF No. 30); Plaintiff's Motion for Declaratory Judgment (ECF No. 31); Plaintiff's Motion for Leave to Correct Defendants Incorrect Name (ECF No. 32); Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 48); Plaintiff's Motion for

---

[1] Interested Party the State of Ohio joined in the Motion (ECF No. 27) because of issues relating to service on Defendants Free, Shutek, and Neff.

Injunctive Relief (ECF No. 49); Defendants' Motion to Stay (ECF No. 50); Plaintiff's Motion for Clarification (ECF No. 51); Plaintiff's Motion for Equal Treatment and Due Process (ECF No. 66); and Plaintiff's Notice to the Court that Defendants are Causing Further Injury; Request for a Hearing on Plaintiff's Unheard Injunctive Relief Motion (ECF No. 68). The Court resolves these motions as follows.

## I.

By way of initial background, Plaintiff moved for leave to proceed *in forma pauperis* in this action on July 20, 2023. (ECF No. 1.) By Order dated August 4, 2023, the Court concluded, following its *sua sponte* review, that Plaintiff's Complaint deserved further development and permitted Plaintiff to proceed on her claims.[2] (ECF No. 4.) At that time, the Court ordered the United States Marshal to serve a copy of the Complaint, Summons and the Screening Order on the named Defendants.

(*Id*.)

> In the Screening Order, the Court summarized Plaintiff's claims as follows:
>
> … plaintiff alleges that defendants violated plaintiff's Eighth Amendment rights by acting with deliberate indifference to plaintiff's safety. Specifically, plaintiff claims that defendants were aware of ongoing safety issues within the sex offender programs at the Madison and Belmont Correctional Institutions, where plaintiff was previously located, but have subjected plaintiff to continued physical and sexual victimization through mandatory participation in sex offender programming. (*See* Doc. 1-1, Complaint at PageID 15-17). Plaintiff further alleges that 67-MNH-12—the ODRC policy governing sex offender services—violates the Equal Protection Clause of the Fourteenth Amendment by mandating that male offenders participate in the program while allowing female offenders to participate on a voluntary basis.

---

[2]Plaintiff, a transgendered inmate, previously moved the Court to use a female pronoun when referring to her. (ECF No. 24.) The Court granted Plaintiff's request in its Order and Report and Recommendation dated January 10, 2024. (ECF No. 26.)

2

(*Id*.) The Complaint named as Defendants Katie Trostel, Joshua Neff, Corby Free, Edward Shutek, and Annette Chambers-Smith in both their individual and official capacities. (ECF No. 3.) In the Complaint, by way of relief, Plaintiff seeks $750,000 in damages or punitive damages and asks the Court to enjoin ODRC from enforcing Policy 67-MNH-12. (*Id*.)

Shortly after the Court issued its Screening Order, Plaintiff began her practice of inundating the Court with filings. For example, Plaintiff filed a "Motion for Injunctive Relief and Restraining Order Pursuant to Fed Civ Proc 65" (ECF No. 6); "Motion for Leave to Add Additional Defendants" (ECF No. 7); "Motion for Summary Judgment Prusuant (sic) to Federal Civil Rule 56" (ECF No. 10); "Emergency Request for Hearing on Injunctive Relief and Protection Order" (ECF No. 12) "Request to Clerk to Enter Default on to Court Record" (ECF No. 17); "Motion to Re Issue Summons and Complaint on Defendants Corby Free, Edward Shutek, and Joshua Neff with Special Instructions" (ECF No. 22); and "Motion Request for the Courts to Use a Female Pronoun When Referring to Her" (ECF No. 24). Those specific motions were addressed by the Court in an Order and Report and Recommendation issued on January 10, 2024, which was adopted in full March 6, 2024. (ECF Nos. 26, 47.) Service was completed on Defendants Edward Shutek, Corby Free, and Joshua Neff on April 8, 2024. (ECF Nos. 54, 60.)

It is against this procedural backdrop that the Court considers Plaintiff's multiple additional pending motions.

## II.

**A. Plaintiff's Motion for Leave to File an Amended Complaint**

The Court begins its analysis by considering Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 48.) As noted above, Plaintiff initially sought leave to add additional defendants by motion filed August 14, 2023, ten days after the Court completed its

3

screening and ordered service of the Complaint. (ECF No. 7.) The Court construed the filing as a motion to amend the Complaint to include newly named defendants and denied it without prejudice for Plaintiff's failure to attach a copy of her proposed amended pleading for the Court's review. (ECF No. 26.) Further, the Court granted Defendants' motion seeking leave to file a motion to dismiss and answer instanter and directed the Clerk to file the subject documents. (*Id.*) Plaintiff timely objected, *inter alia*, to that portion of the Court's Order and Report and Recommendation. (ECF No. 40; see also ECF No. 47 "Plaintiff objects to the granting of Defendants' Motion for Leave to File Motion to Dismiss and Answer Instanter.") Five days after the Court overruled Plaintiff's objections and adopted the Order and Report and Recommendation, Plaintiff filed her Motion for Leave to File an Amended Complaint. (ECF No. 48.)

Given this series of events, the Court will exercise its discretion to allow Plaintiff to amend her Complaint under Rule 15(a)(2). *Bingham v. Coffelt*, No. 4:20-CV-12686, 2021 WL 6884735, at *2 (E.D. Mich. Dec. 14, 2021), *report and recommendation adopted*, No. 20-12686, 2022 WL 447053 (E.D. Mich. Feb. 14, 2022) ("A court has discretion in allowing amendments."). Plaintiff's proposed amendment does not appear to be motivated by bad faith or delay or dilatory motive and, as set forth below, the proposed amendments would not create an undue prejudice to Defendants. Moreover, as the following discussion will reveal, it will result in judicial efficiency. Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 48) is **GRANTED.** The Clerk is **DIRECTED** to detach and file the Amended Complaint (ECF No. 48-1) and its Exhibit A (ECF No. 48-2) attached to Plaintiff's Motion.

An amended complaint supersedes the original complaint." *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 (2009); *see also Drake v. City of Detroit, Michigan*, 266 Fed.

Appx. 444, 448 (6th Cir. 2008) (finding an amended complaint renders the first complaint a nullity). As such, the amended complaint is now the operative complaint and is subject to initial screening under the PLRA. *Penn v. Eash*, No. 1:22-CV-262, 2022 WL 10969430, at *2 (S.D. Ohio Oct. 19, 2022), *report and recommendation adopted,* No. 1:22-CV-262, 2023 WL 317867 (S.D. Ohio Jan. 19, 2023). That is, because Plaintiff is a prisoner proceeding *pro se*, the Court must re-screen her tendered amended complaint under the PLRA regardless of whether the amendment is considered under Rule 15. *Pough v. DeWine*, No. 2:21-CV-880, 2021 WL 2069765, at *2 (S.D. Ohio May 24, 2021), *report and recommendation adopted*, No. 2:21-CV-880, 2021 WL 4171827 (S.D. Ohio Sept. 14, 2021) (citing *Nutt v. Seta*, No. 1:19-CV-460, 2020 WL 581837, at *1 (S.D. Ohio Feb. 6, 2020), *report and recommendation adopted*, No. 1:19-CV-460, 2020 WL 1042476 (S.D. Ohio Mar. 4, 2020)).

### B. Screening Plaintiff's Amended Complaint

Plaintiff's Amended Complaint adds Kelly Storm as a new Defendant. (ECF No. 48.) Beyond this, Plaintiff continues to cite the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment as the basis for her claims relating to 67-MNH-12, the ODRC policy governing sex offender services. Plaintiff continues to sue all Defendants in their official and individual capacities. Aside from this, Plaintiff has refined her factual allegations and categorized them by Defendant. Plaintiff also continues to seek $750,000.00 in damages and an injunction against the ODRC preventing the enforcement of Policy 67-MNH-12 and excusing Plaintiff's obligation to attend the program while incarcerated or under APA supervision.

The Court concludes that Plaintiff may not proceed with her claims to the extent that she seeks damages against Defendants in their official capacities. Claims for monetary relief against state employees in their official capacities are barred by the Eleventh Amendment to the United

States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 672-73 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982). Accordingly, all Defendants are immune from suits for money damages in their official capacities and it is **RECOMMENDED** that Plaintiff's claims for monetary damages against Defendants in their official capacities be **DISMISSED**.

Eleventh Amendment immunity also "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," but does not preclude prospective injunctive relief. *McCormick v. Miami Univ.*, 693 F.3d 654, 661-662 (6th Cir. 2012). Thus, with respect to Plaintiff's claims for injunctive relief, in order "[t]o state an official-capacity claim under § 1983 of the type that might entitle him to injunctive relief, the plaintiff needs to show that his claim is not based entirely on past acts, and that there is a direct causal link between the alleged constitutional violation and an official policy or custom adopted by the official makers of the policy with 'deliberate indifference' toward the constitutional rights of persons affected by the policy or custom." *Hoeltzel v. Pillsbury*, No. 2:19-CV-12328, 2021 WL 1214517, at *8 (E.D. Mich. Feb. 4, 2021), *report and recommendation adopted*, No. 19-12328, 2021 WL 1192977 (E.D. Mich. Mar. 30, 2021). This exception, recognized in *Ex parte Young*, 209 U.S. 123 (1908) requires that the Defendants have some connection with the enforcement of the allegedly unconstitutional policy Plaintiff challenges here. *Doe v. DeWine,* 99 F. Supp. 3d 809, 818 (S.D. Ohio 2015).

At this stage of the proceeding, construing the allegations of Plaintiff's Amended Complaint liberally in her favor, Plaintiff appears to be asserting that she currently is subject to the allegedly unconstitutional policy mandates of 67-MNH-12 and will remain subject to them after her release while on supervision.  Further, and again, under a liberal construction, she alleges that certain Defendants either are responsible for implementing the allegedly unlawful policy or currently are enforcing it against her.  With respect to Defendant Shutek's involvement with enforcing the policy at issue, however, it appears limited to conduct during Plaintiff's incarceration at the Madison Correctional Institution.  (ECF No. 48-1 at 7, Count 2.  "Edward Shutek at all times [] herein is responsible for all operations and management of the Sex Offender Program at Madison Correctional.")  Plaintiff no longer is housed in that institution.  Thus, any claim for relief against Defendant Shutek would not be for prospective relief.  Similarly, Plaintiff alleges that Defendant Neff was "responsible for all operations and management of the of the Sex Offender Program at CCI while he was acting Director of CSOP at CCI.  However, to date of this complaint he is longer in CSOP." (*Id*. at 8, Count 2.)  Accordingly, any claim for relief against Defendant Neff also would arise solely from past conduct.  Based on these allegations, and without the benefit of briefing on this issue, the Court concludes that Plaintiff's claim for injunctive relief is sufficient to survive an initial screening as to Defendants Annette Chambers-Smith, Katie Trostel, Kelly Storm, and Corby Free only.  Any claims for injunctive relief directed to Defendants Shutek and Neff are subject to dismissal.

### III.

As noted, Defendants moved to dismiss Plaintiff's initial Complaint on the basis of the *Leaman* doctrine.[3]  Briefly, that doctrine recognizes that, under certain circumstances, a plaintiff may waive the right to bring claims against state employees by filing suit in the Ohio Court of Claims.  *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc).  Generally, however, "an 'amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot.'" *Jones v. Washington*, No. 2:22-CV-11047, 2023 WL 3366597, at *3 (E.D. Mich. Apr. 20, 2023), *report and recommendation adopted,* No. 22-11047, 2023 WL 3359620 (E.D. Mich. May 10, 2023) (quoting *Ky. Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005)).  Nevertheless, in its discretion, a court may consider a motion to dismiss after an amended complaint is filed if the motion remains fully relevant to the amended complaint.

> If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

*Penn v. Eash*, No. 1:22-CV-262, 2022 WL 10969430, at *3 (S.D. Ohio Oct. 19, 2022), *report and recommendation adopted*, No. 1:22-CV-262, 2023 WL 317867 (S.D. Ohio Jan. 19, 2023) (quoting *Yates v. Applied Performance Technologies, Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (2d ed.

---

[3]Typically, because Defendants filed Answers to the initial Complaint, the motions would be more properly construed as motions for judgment on the pleadings.  Here, however, in the context of Plaintiff's Amended Complaint, the motions remain properly construed as motions to dismiss.  Regardless, "[t]he standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6)." *Shaw v. Wozniak*, No. 2:23-CV-00942, 2024 WL 1045163, at *1 (S.D. Ohio Mar. 11, 2024) (citing *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017)).

8

1990)). This "is particularly true if the amended complaint is 'substantially identical to the original complaint.'" *Jones*, at *3 (quoting *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423 at *2 (S.D. Ohio Oct. 9, 2014)).

Here, although the Amended Complaint names an additional Defendant, the factual allegations continue to relate to the alleged unconstitutional application of ODRC Policy 67-MNH-12 to Plaintiff. That is, the Amended Complaint "does not change the nature" of the initial Complaint in its intention or relief sought. *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) (considering motion to dismiss so as not to force defendants to refile where amended complaint merely fleshed out in "a little greater detail some of the allegations" but did not "in any way chang[e] the thrust of the Complaint."); *see also Morrow v. TransUnion LLC*, No. 2:23-CV-12953, 2024 WL 1607021, at *2 (E.D. Mich. Apr. 12, 2024) (considering motion to dismiss where amended complaint "merely augment[ed]" original with additional facts and clarified the alleged harm and the inaccuracies in a credit report). And, importantly, it is specifically Plaintiff's challenge to the application of ODRC Policy 67-MNH-12 to her that underlies Defendants' reliance on the *Leaman* doctrine. Thus, the original motion to dismiss remains fully relevant to the Amended Complaint as the defect raised by Defendants remains. Under this circumstance, there is no utility in requiring Defendants to file a new motion to dismiss and the Court will consider Defendants' assertion of the *Leaman* doctrine as being addressed to Plaintiff's Amended Complaint. *Id.*

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a

9

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

10

Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679. Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

According to Defendants, Plaintiff waived her right to file her claims here when she filed suit against the Ohio Department of Rehabilitation and Correction ("ODRC") in the Ohio Court of Claims asserting the same challenges to ODRC Policy 67-MNH-12. Defendants' waiver argument derives from Ohio Rev. Code § 2743.02(A)(1), which provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee." The Ohio legislature intended for this waiver to extend to federal causes of action. *Harris v. Sowers*, No. 2:16-CV-888, 2022 WL 1637564, at *2 (S.D. Ohio May 24, 2022) (citing *Leaman*, 825 F.2d at 952.) Indeed, Section 2743.02's waiver of suits "'against any state officer or employee,' provides a quid pro quo for plaintiffs [ ]: 'The state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees.'" *Id.* (quoting *Portis v. Ohio*, 141 F.3d 632, 634 (6th Cir. 1998) (quoting *Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995)). Significantly, "[t]he Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing

11

suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim." *Plinton v. Cty. of Summit*, 540 F.3d 459, 463 (6th Cir. 2008); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998) ("where a federal court plaintiff files a related action in the Court of Claims, she has waived her right to sue state officials for monetary damages[.]"). Particularly relevant here, however, *Leaman* "does not prohibit a plaintiff from seeking declaratory or injunctive relief against defendants in federal court." *Weir v. Mohr*, No. 2:19-CV-000480, 2020 WL 1080419, at *2 (S.D. Ohio Mar. 6, 2020) (citing *Pool v. Burger*, No. 18-3114, 2019 WL 441500, at *2 (6th Cir. Jan. 10, 2019) (citing *Leaman*, 825 F.2d at 953)).

For her part, Plaintiff does not dispute Defendants' assertion that her Ohio Court of Claims action and her federal lawsuit raise the same challenges regarding the application of 67-MNH-12 to her. (*See, e.g.*, ECF No. 45 at 4 "Plaintiff filed this matter in the court of claims to be told by the court they do not handle federal violations.") Moreover, "'an identity of claims and defendants is not required" and "[t]he waiver applies to any cause of action, based on the same acts or omissions, which plaintiff may have against any officer or employee of the state.'" *Asley v. Cooper*, No. 1:16-CV-338, 2017 WL 4857605, at *4 (S.D. Ohio Oct. 25, 2017), *report and recommendation adopted sub nom. Easley v. Cooper*, No. 1:16CV338, 2017 WL 5594125 (S.D. Ohio Nov. 21, 2017) (quoting *Easley v. Bauer*, No. 1:07-cv-37, 2008 WL 618642, at *2 (S.D. Ohio Feb. 29, 2008)). The Court has reviewed the initial Complaint filed by Plaintiff in the Ohio Court of Claims on August 25, 2022.[4] To be sure, that filing and Plaintiff's Amended

---

[4] This document is available at https://portal-ohcoc.tylertech.cloud/Portal/Document. Plaintiff later filed an Amended Complaint on October 7, 2022. "'[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Harris,*

12

Complaint here are not identical in their presentation of the issues. Nevertheless, the Court is satisfied that both lawsuits seek Plaintiff's release from the programming mandated by 67-MNH-12 and damages for the alleged harm Plaintiff has suffered as a result of her required participation in that programming. Both Complaints cite the Eighth Amendment and the Equal Protection Clause and discuss the harm Plaintiff suffered arising from her mandated-program participation. In her Court of Claims Complaint, Plaintiff also appears to recognize that she could have proceeded with her claims in "Federal Court." Indeed, Plaintiff acknowledges in responding to the Defendants' *Leaman* argument that she made a choice. (ECF No. 61 at 3 "At the end of the day' *Leaman* is about choice, you choose one or the other.") Accordingly, consistent with the above authority and in light of Plaintiff's acknowledgment, the Court will limit its analysis to whether Plaintiff can be found to have waived her right to pursue a claim for damages against Defendants as required under *Leaman*.

Plaintiff, in part, argues that her Court of Claims filing cannot result in a waiver of her claim for damages here because constitutional claims are not actionable in the Court of Claims. She also contends that, because she "WITHDREW" her Court of Claims complaint "before a decision could be made," she cannot be denied the ability to seek redress in this Court. But whether Plaintiff's claims against the ODRC survived post-filing is immaterial—it is the act of bringing a claim in the Court of Claims, regardless of its success, that triggers the *Leaman* doctrine's complete waiver. *Thomson*, 65 F.3d at 1319; *Thomas v. Ohio Dep't of Rehab. & Corr.*, 36 F. Supp. 2d 1005, 1008, n.3 (S.D. Ohio 1999) ("The language of the statute, as well as

---

2022 WL 1637564, at *2 *(quoting St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (collecting cases)).

that of the Sixth Circuit cases of *Leaman, Thomson* and *Turker* indicate that filing, alone, is sufficient to trigger the waiver.")

Plaintiff also argues that she did not make a knowing and intelligent waiver of her right to file suit here. For *Leaman* to apply, a plaintiff's choice to pursue relief in the Ohio Court of Claims must be "knowing, intelligent, and voluntary." *Leaman*, 825 F.2d at 956. In *Leaman*, the Sixth Circuit determined that Leaman made a "knowing, intelligent, and voluntary" waiver of her right to bring claims against state employees, because she was represented by competent counsel when she filed suit in the Ohio Court of Claims, and her counsel was therefore presumed to know what the Court of Claims Act said. *Id.* Such a presumption does not automatically extend to *pro se* litigants. *See Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003) (determining that "there can be no presumptive finding" that a *pro se* litigant made a knowing, intelligent, and voluntary waiver of "his § 1983 claim in federal court when he filed suit in the Ohio Court of Claims.") Instead, district courts must make a factual determination that the *pro se* litigant "knowingly, intelligently, and voluntarily waived his [or her] right to proceed in federal court by filing in the Ohio Court of Claims." *Id.*

In making this determination, courts consider "the *pro se* plaintiff's prior litigation experience, the coherency of his filings in both the federal and Court of Claims matters, and whether the litigant referenced the statutory waiver provision in the filings." *Troche v. Crabtree*, 2014 WL 2211012, at *3 (S.D. Ohio May 28, 2014). A *pro se* litigant knowingly waives any cause of action in federal court if he has "an above-average understanding of the law for a *pro se* litigant." *Williams v. Smith*, 2006 WL 2192470, at *10 (S.D. Ohio Aug. 1, 2006). On this point, "[c]ourts within the Southern District of Ohio have held that *pro se* litigants knowingly and

14

voluntarily waive their right to proceed with federal claims when filing suit in the Ohio Court of Claims when they have extensive prior litigation experience." *Asley*, 2017 WL 4857605, at *4.

The Court has considered these factors and finds that Plaintiff made a knowing, intelligent, and voluntary waiver of her right to pursue any claims for damages in federal court by filing an action in the Ohio Court of Claims. A review of Plaintiff's litigation history reveals that she is an active litigant with "extensive prior litigation experience." *Asley*, 2017 WL 4857605, at *4. Indeed, the current action is not the first § 1983 action Plaintiff has pursued in this Court. On February 11, 2020, Plaintiff initiated an action, alleging deliberate indifference to her serious medical needs in violation of the Eighth Amendment against four individual defendants. *See Cook v. Sicilian*, Case No. 2:20-cv-781. Although the Court eventually granted Defendants' motion to dismiss, over the course of the proceeding Plaintiff filed numerous motions and engaged in discovery. Further, prior to filing the instant action, Plaintiff had filed seven actions in the Ohio Court of Claims, including the one forming the basis of the defense here.[5] All seven of Plaintiff's Court of Claims actions relevant here were filed against entities, including state agencies the Ohio Adult Parole Authority and the Ohio Department of Rehabilitation and Correction. None of those actions were filed against individual defendants.

Further, Plaintiff's Amended Complaint is well organized with numerous headings, sets forth detailed factual allegations and cites to the constitutional amendments relevant to her claims. *Brooks v. McCoy*, 1:15-CV-39, 2015 WL 4538512, at *4 (S.D. Ohio July 27, 2015) (discussing plaintiff's identification of "the proper federal jurisdictional statutes, as well as the relevant federal statute for his constitutional claims" as indicating an experienced litigator).

---

[5] Under Federal Rule of Evidence 201, this Court takes judicial notice of Plaintiff's Ohio Court of Claims cases, Case Nos. 2020-00221; 2020-00222; 2020-00272; 2020-00300; 2022-00012; 2022-00334; 2022-00624. *Harris*, 2022 WL 1637564, at *2.

Similarly, Plaintiff's Complaint filed in the Ohio Court of Claims was well organized with multiple counts and referred to the constitutional principles at issue here, specifically deliberate indifference and equal protection as they relate to the application of 67-MNH-12 to her. That is, Plaintiff demonstrates an understanding of the law sufficient to justify finding that Plaintiff made a knowing, intelligent, and voluntary waiver of her federal claims. Though Plaintiff did not specifically reference Ohio Rev. Code § 2743.02(A)(1) in her Court of Claims complaint, she only sued the ODRC, rather than the individual ODRC employees she seeks to sue here. This "evinces a knowledge that the waiver statute only permits actions against the state." *Jones v. Ohio*, No. 1:19-CV-1913, 2020 WL 264264, at *3 (N.D. Ohio Jan. 17, 2020); *Brooks*, 2015 WL 4538512, at *4, n.2 ("Plaintiff's naming only a state agency, rather than an individual, pursuant to the Court of Claims Act further demonstrates his familiarity with that statute.").

For these reasons, the Court finds that Plaintiff made a knowing, intelligent, and voluntary waiver of her federal claims for damages relating to the application of ODRC Policy 67-MNH-12 to her when she filed suit against the ODRC in the Ohio Court of Claims raising the same challenges. Accordingly, the Court finds that Plaintiff has not pled any facts showing that she is entitled to monetary relief against these Defendants, and it is **RECOMMENDED** that Defendants' Motions to Dismiss be granted, in part, as it relates to these claims.

## IV.

This brings the Court to the numerous additional motions. These motions are resolved as follows.

It is **RECOMMENDED** that Plaintiff's Motion for Summary Judgment (ECF No. 29) be denied. Plaintiff's filing is more accurately viewed as a request for judgment in her favor as a sanction for Defendants' alleged conduct, which in Plaintiff's view, constitutes an abuse of the

16

judicial system.   The Motion fails to comply with the requirements of Rule 56 and otherwise lacks merit.

It is **RECOMMENDED** that Plaintiff's Accelerated Calendar Request for Emergency Motion for Temporary Restraining Order & Preliminary Injunction Pursuant to Rule 65.1 (ECF No. 30); Motion for Injunctive Relief (ECF No. 49); and Plaintiff's Notice to the Court that the Defendants are Causing Further Injury/Request for a Hearing on Plaintiff's Unheard Injunctive Relief Motion (ECF No. 68) be denied.  As the Court held in addressing Plaintiff's initial motion seeking injunctive relief

> In her Motion, Plaintiff has made no attempt to apply the preliminary injunction factors identified above to her particular circumstances. She does not address the elements of either of her claims. Nor has she submitted any evidentiary support directed to these elements. Allegations in her motion "do not constitute evidence supporting the injunctive relief [she] seeks." *Johnson v. ODRC*, No. 1:23-CV-39, 2023 WL 5747170, at *2 (S.D. Ohio Sept. 6, 2023), *report and recommendation adopted*, No. 1:23-CV-39, 2023 WL 6356981 (S.D. Ohio Sept. 29, 2023). Given this state of the record, the Court cannot conclude that Plaintiff has a strong likelihood of success on the merits of either of her claims. Accordingly, this factor does not weigh in favor of injunctive relief.
> . . .
> Similarly, none of the other factors weigh in favor of injunctive relief here. For example, Plaintiff has failed to demonstrate that she will suffer irreparable harm in the absence of her requested injunctive relief. Further, when a motion may impact matters of prison administration, the interests of third parties and the public weigh against granting an injunction. Interference by federal courts in the administration of state prison matters is "necessarily disruptive." *Orum v. Michigan Dep't of Corr.*, No. 2:16-CV-00109, 2019 WL 2076996, at *4 (W.D. Mich. Apr. 8, 2019), *report and recommendation adopted*, No. 2:16-CV-109, 2019 WL 2073955 (W.D. Mich. May 10, 2019). Finally, there is no public interest in granting extraordinary relief in the prison context absent a sufficient showing of a violation of constitutional rights. *Id.*

(Report Recommendation, ECF No. 26 at PAGEID #:310; Opinion and Order, ECF No. 47 at PAGEID #: 524.)  This analysis remains largely applicable to Plaintiff's more recently filed motions.  To the extent that Plaintiff, in her Motion for Injunctive Relief (ECF No. 49), addresses the elements of her claims and her likelihood of success on the merits, she again has failed to

17

make any evidentiary showing of irreparable harm nor has she adequately addressed the remaining factors relevant to the Court's analysis.

It is **RECOMMENDED** that Plaintiff's Motion for Declaratory Judgment (ECF No. 31) be denied. This is not a proper motion. *Ward v. Shelby Cnty., Tennessee*, No. 220CV02407JPMCGC, 2021 WL 5277483, at *2 (W.D. Tenn. Mar. 18, 2021) (noting that Fed.R.Civ.P. 57 does not provide a basis for filing a motion for declaratory judgment); *see also Hunter v. Bank of New York Mellon*, 2011 WL 3799915, at *4 (M.D. Tenn. Aug. 28, 2011) ("When seeking a declaratory judgment, 'a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment.").

Plaintiff's Motion for Leave to Correct Defendants Incorrect Name (ECF No. 32) is **DENIED as moot.** Plaintiff's Amended Complaint contains this requested correction.

Plaintiff's Motion for Clarification (ECF No. 51), seeking to clarify "certain verbiage" in her Amended Complaint is **GRANTED** for good cause shown.

Plaintiff's Motion for Equal Treatment and Due Process (ECF No. 66) fails to set forth good cause for any relief and, therefore, is **DENIED.**

Defendants' Motion to Stay (ECF No. 50) is **DENIED** as moot.

## V.

For the reasons stated above, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 48) is **GRANTED.** The Clerk is **DIRECTED** to detach and file the Amended Complaint (ECF No. 48-1) and its Exhibit A (ECF No. 48-2) attached to Plaintiff's Motion. Having concluded the screening of the Amended Complaint, it is **RECOMMENDED** that Plaintiff's claim for monetary damages against Defendants in their official capacities and

18

Plaintiff's claim for injunctive relief as to Defendants Edward Shutek and Joshua Neff be **DISMISSED** and that Plaintiff be permitted to proceed on her remaining claims.

Further, it is **RECOMMENDED** that the Motions to Dismiss (ECF Nos. 27, 55) be **GRANTED, in part,** as to Plaintiff's claim for damages against Defendants in their individual capacities and **DENIED, in part,** as to Plaintiff's claim for injunctive relief against Defendants Katherine Trostel, Kelly Storm, Corby Free, and Annette Chambers-Smith in their official capacities. The Clerk is **DIRECTED** to forward a service packet, including a copy of this Report and Recommendation and Order, to the United States Marshal for service of the Amended Complaint on newly named Defendant Kelly Storm using the service forms provided by Plaintiff.

Further, it is **RECOMMENDED** that Plaintiff's Motion for Summary Judgment (ECF No. 29); Plaintiff's Accelerated Calendar Request for Emergency Motion for Temporary Restraining Order & Preliminary Injunction Pursuant to Rule 65.1 (ECF No. 30); Motion for Injunctive Relief (ECF No. 49); and Plaintiff's Notice to the Court that the Defendants are Causing Further Injury/Request for a Hearing on Plaintiff's Unheard Injunctive Relief Motion (ECF No. 68); Plaintiff's Motion for Declaratory Judgment (ECF No. 31) be **DENIED.**

Finally, Plaintiff's Motion for Leave to Correct Defendants Incorrect Name (ECF No. 32) is **DENIED as moot.** Plaintiff's Motion for Clarification (ECF No. 51) is **GRANTED.** Plaintiff's Motion for Equal Treatment and Due Process (ECF No. 66) is **DENIED.** Defendants' Motion to Stay (ECF No. 50) is **DENIED as moot.**

### PROCEDURE ON OBJECTIONS TO THE REPORT AND RECOMMENDATION (SECTIONS III AND IV)

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: July 12, 2024**    /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**