UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSHUA COOK,**

        **Plaintiff,**

  v.

**KATIE TROSTEL,** *et al.***,**

        **Defendants.**

Case No. 2:23-cv-2314
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

**ORDER**

Plaintiff, Joshua Cook, an inmate at the Chillicothe Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983. (ECF No. 3.) Ms. Cook[1] is proceeding without counsel. (*Id.*) Ms. Cook alleges that Defendants violated her Eighth Amendment rights by acting with deliberate indifference to her safety and violated the Equal Protection Clause of the Fourteenth Amendment by enforcing the Ohio Department of Rehabilitation and Corrections ("ODRC") Policy 67-MNH-12 that requires mandatory sex offender programing. (ECF No. 48.) This matter is before the Court on the Order and Report and Recommendation issued by the Magistrate Judge on July 12, 2024. (Order and R&R, ECF No. 72.) The Order and R&R addressed several pending motions (*see* ECF Nos. 32, 41, 48, 50, 66) and offered recommendations on the disposition of the remaining motions before the Court (ECF Nos. 27, 29, 30, 31, 49, 55, 68).

    I.      **Plaintiff's Amended Complaint**

First, the Magistrate Judge granted Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 48) and then conducted a re-screening of the Amended Complaint pursuant

---

[1] Plaintiff, a transgendered inmate, previously moved the Court to use female pronouns when referring to her. (ECF No. 24.) The Court granted Plaintiff's request. (ECF No. 26.)

1

to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 72, PageID 690–91.) After conducting the initial re-screening of Plaintiff's Amended Complaint, the Magistrate Judge made several recommendations based on a review of that Complaint.

The Magistrate Judge recommended that Plaintiff's claims for damages against Defendants in their official capacities be dismissed because the State of Ohio did not waive its Eleventh Amendment immunity and accordingly such claims against state employees for monetary relief are barred. (*Id.* at PageID 691–92.) But the Magistrate Judge recommended that Plaintiff be permitted to proceed on her remaining claims. (*Id.*) The Magistrate Judge also recommended that Plaintiff's claims for injunctive relief against Defendants Edward Shutek and Joshua Neff be dismissed because any claim against each Defendant arises from past conduct and does not seek prospective relief from the allegedly unconstitutional policy mandates of 67-MNH-12. (ECF No. 72, PageID 693.)

## II. Defendants' Motions to Dismiss

Next, the Magistrate Judge reviewed Defendants' Motions to Dismiss (ECF Nos. 27, 55) and recommended that the Motions be granted, in part, as it relates to Plaintiff's claims for damages against Defendants in their individual capacities and denied in part as to Plaintiff's claims for injunctive relief against Defendants Katherine Trostel, Kelly Storm, Corby Free, and Annette Chambers-Smith in their official capacities. (ECF No. 72, PageID 702, 705.) In other words, the recommendation is that only Plaintiff's claims for injunctive relief against Defendants Trostel, Storm, Free, and Chambers-Smith in their official capacities should proceed.

## III. Plaintiff's Motion for Summary Judgment

The Magistrate Judge also recommended that Plaintiff's Motion for Summary Judgment (ECF No. 29) be denied for failing to comply with the requirements of Federal Rule of Civil Procedure 56. (ECF No. 72, PageID 703, 705.) Because Plaintiff failed to address the

preliminary injunction standard, the Magistrate Judge also recommended that Plaintiff's Accelerated Calendar Request for Emergency Temporary Restraining Order & Preliminary Injunction Pursuant to Rule 65.1 (ECF No. 30); Motion for Injunctive Relief (ECF No. 49); and Notice to the Court that Defendants are Causing Further Injury/Request for a Hearing on Plaintiff's Unheard Injunctive Relief Motion (ECF No. 68) be denied. (ECF No. 72, PageID 703.) Finally, the Magistrate Judge recommended that Plaintiff's Motion for Declaratory Judgment (ECF No. 31) be denied because a party may not make a motion for declaratory relief but must bring an action for declaratory judgment. (ECF No. 72, PageID 704 (citation omitted)).

## IV. Analysis

Ms. Cook timely filed an Objection to the Order and R&R (ECF No. 80), and Defendants replied to Ms. Cook's Objection (ECF No. 81). When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

After a *de novo* review, this Court agrees with and adopts the Magistrate Judge's Order and R&R. Beyond restating her claims that Defendants have shown a deliberate indifference to her safety and that ODRC Policy 67-MNH-12 is discriminatory, Ms. Cook only objects to the Magistrate Judge's application of the *Leaman* doctrine. (*See* ECF No. 80, PageID 726.) Ms. Cook argues that the *Leaman* doctrine should only apply to preclude her federal cause of action if her claims were litigated to a final judgment in the Ohio Court of Claims. (ECF No. 80, PageID 726–28.) Because she dismissed her Court of Claims complaint before that court ruled

on the merits of her cause of action, she argues the Magistrate Judge erred in applying the *Leaman* doctrine. (*Id.*)

But the Magistrate Judge addressed the fact that Ms. Cook "withdrew" or dismissed her Court of Claims complaint in the Order and R&R. (ECF No. 72, PageID 699–700.) There, the Magistrate Judge explained that "whether Plaintiff's claims against the ODRC survived post-filing is immaterial—it is the act of bringing a claim in the Court of Claims, regardless of its success, that triggers the *Leaman* doctrine's complete waiver." (ECF No. 72, PageID 699; citing *Thomson v. Harmony*, 65 F.3d 1314, 1319 (6th Cir. 1995); *Thomas v. Ohio Dep't of Rehab. & Corr.*, 36 F. Supp. 2d 1005, 1008 n.3 (S.D. Ohio 1999).)

The *Leaman* doctrine, as the Magistrate Judge explained, recognizes that in some cases a plaintiff waives the right to bring claims against state employees by suing in the Ohio Court of Claims. (ECF No. 72, PageID 694; *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc).) The Ohio legislature intended for the waiver derived from Ohio Revised Code § 2743.02 to operate as a "quid pro quo" – "the state consents to be sued [in the Court of Claims] in exchange for a plaintiff's waiver of claims against the state's employees." (*Id.* PageID 697; citing *Harris v. Sowers*, No. 2:16-cv-888, 2022 WL 1637564, at *2 (S.D. Ohio May 24, 2022); *Plinton v. Cty. of Summit*, 540 F.3d 459, 463 (6th Cir. 2008).)

The Court adopts this analysis. Ms. Cook filed a complaint in the Ohio Court of Claims on August 25, 2022 alleging similar constitutional violations and seeking the same relief as her federal cause of action. (ECF No. 72, PageID 702.) Because the act of bringing a claim in the Court of Claims triggers the *Leaman*'s doctrine waiver, Ms. Cook waived her right to pursue a claim for damages against Defendants in federal court. Ms. Cook raises no other objection to the recommendations in the Magistrate Judge's Order and R&R. Accordingly, Plaintiff's Objection

is **OVERRULED** and Defendants' Motion to Dismiss is **GRANTED in part** as it relates to these claims.

V. Conclusion

The Court has therefore made a *de novo* review of this record as required by 28 U.S.C. § 638(b) and Rule 72(b). Upon said review, Plaintiff's Objection is **OVERRULED**. (ECF No. 80.) The Order and Report and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 72.) Plaintiff's claim for monetary damages against Defendants in their official capacities and Plaintiff's claims for injunctive relief as to Defendants Edward Shutek and Joshua Neff are **DISMISSED**. Plaintiff may proceed on her remaining claims. Defendants' Motions to Dismiss (ECF Nos. 27, 55) are **GRANTED in part** as to Plaintiff's claim for damages against Defendants in their individual capacities and **DENIED in part** as to Plaintiff's claim for injunctive relief against Defendants Katherine Trostel, Kelly Storm, Corby Free, and Annette Chambers-Smith in their official capacities.

The Court also **DENIES** the following Motions: Plaintiff's Motion for Summary Judgment (ECF No. 29); Plaintiff's Accelerated Calendar Request for Emergency Motion for Temporary Restraining Order & Preliminary Injunction Pursuant to Rule 65.1 (ECF No. 30); Motion for Injunctive Relief (ECF No. 49); and Plaintiff's Notice to the Court that Defendants are Causing Further Injury/Request for a Hearing on Plaintiff's Unheard Injunctive Relief Motion (ECF No. 68); and Plaintiff's Motion for Declaratory Judgment (ECF No. 31).

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **8/30/2024** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |