IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSHUA COOK,**
:
    **Plaintiff,**            Civil Action 2:23-cv-2314
:
v.                           Judge Edmund A. Sargus, Jr.
:
                             Magistrate Judge Elizabeth P. Deavers
:
:
**KATIE TROSTEL,** *et al.*,

    **Defendants.**

## **ORDER**

    This matter is before the Court on several pending motions. First, Plaintiff has filed a motion seeking to add additional defendants. (ECF No. 92.) Defendants have opposed that motion (ECF No. 96) but Plaintiff has not filed a reply. Plaintiff also has moved for summary judgment. (ECF No. 93.) Defendants have been granted an extension of time until June 3, 2025, the summary judgment deadline, to file a response. (ECF Nos. 98, 100.) Further, Plaintiff has filed a motion for the United States Marshal to serve a subpoena on Defendant Katherine Trostel. (ECF No. 97.) Defendants have moved to strike that motion. (ECF No. 99.) Defendants also have moved to strike a notice Plaintiff filed with the Court on January 27, 2025, claiming that Defendants were avoiding answering his first set of interrogatories. (ECF Nos. 91, 95.) Plaintiff has not responded to either motion to strike. The Court resolves these pending motions as follows.

    Plaintiff's motion seeking to add new Defendants, effectively a motion for leave to amend, (ECF No. 92) is **DENIED.** The two-sentence motion, unaccompanied by a proposed amended pleading fails to set forth good cause. "A bare request for leave to amend deprives the opposing

side an opportunity to meaningfully respond because the exact proposed changes are unknown." *Korwin v. State Farm Fire & Cas. Co.,* No. 5:23-CV-1124, 2024 WL 1514537, at *9 (N.D. Ohio Apr. 8, 2024). Unsurprisingly, then, the Court is empowered to deny these types of bare requests to amend. *Id.* (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551–52 (6th Cir. 2008); *Just. v. Petersen*, No. 21-5848, 2022 WL 2188451, at *3–4 (6th Cir. June 17, 2022)). The Court chooses to do so here.

Further, as noted, Plaintiff has not responded to either motion to strike. In general, a party's '[f]ailure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees.' S.D. Ohio Civ. R. 7.2(a)(2)." *Quinonez v. IMI Material Handling Logistics, Inc.,* No. 3:21-CV-00159, 2024 WL 418981, at *3 (S.D. Ohio Feb. 5, 2024). On the current record, the Court sees no reason to depart from this general rule under the circumstances here. Accordingly, both motions to strike are **GRANTED.** (ECF Nos. 95, 99.) The Clerk is **DIRECTED** to strike ECF Nos. 91 and 97. Moreover, Plaintiff's attempt to subpoena documents from Katherine Trostel, a party, would be subject to denial regardless. That is because Rule 34 generally provides parties the avenue to request production of documents belonging to a party. *PCA-Corr., LLC v. Akron Healthcare LLC*, No. 1:20-CV-428, 2021 WL 2043118, at *3 (S.D. Ohio May 21, 2021) (citing *Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee*, No. 218CV02718SHMDKV, 2020 WL 4283279, at *5 (W.D. Tenn. Apr. 6, 2020), *aff'd*, No. 2:18-07-02718, 2020 WL 4015476 (W.D. Tenn. July 16, 2020)). Plaintiff's motion provided no basis for departing from the general rule.

Finally, the Court turns to Plaintiff's motion for summary judgment. (ECF No. 93.) This motion was filed on January 27, 2025, well ahead of the June 3, 2025, dispositive motion deadline. As indicated above, Defendants have expressed their intention to file their own motion for summary judgment in accordance with the established date. For purposes of judicial efficiency and resource

allocation, Plaintiff's motion for summary judgment (ECF No. 93) is **DENIED** at this time**.**   This denial is not a finding on the merits and specifically is made **without prejudice to re-filing**. Plaintiff is **DIRECTED** to re-file his motion for summary judgment **NO EARLIER THAN 10 DAYS PRIOR TO JUNE 3, 2025, AND NO LATER THAN THE DEADLINE ITSELF.**

IT IS SO ORDERED.


DATE:   March 18, 2025                                        /s/   *Elizabeth A. Preston Deavers*
                                                              **ELIZABETH A. PRESTON DEAVERS**
                                                              **UNITED STATES MAGISTRATE JUDGE**