**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOSHUA COOK,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **Civil Action 2:23-cv-2314** |
| **v.** | | **Judge Edmund A. Sargus, Jr.** |
| | | **Magistrate Judge Elizabeth P. Deavers** |
| **KATIE TROSTEL,** *et al.,* | | |

**Defendants.**

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, Joshua Cook, proceeding without counsel, filed this action pursuant to 42 U.S.C. § 1983 while he was an Ohio inmate incarcerated at the Chillicothe Correctional Institution.   (ECF No. 3.)   This matter is currently before the Court following Plaintiff's failure to respond to the Court's most recent Order dated December 9, 2025.   (ECF No. 108.)   For the following reasons, it is **RECOMMENDED** that this matter be **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

**I.**

Initially, the Court finds the following background necessary.   Plaintiff moved for leave to proceed *in forma pauperis* in this action on July 20, 2023. (ECF No. 1.)   By Order dated August 4, 2023, the Court concluded, following its *sua sponte* review, that Plaintiff's Complaint deserved further development and permitted Plaintiff to proceed on her claims.[1]   (ECF No. 4.)   At that time, the Court ordered the United States Marshal to serve a copy of the Complaint, Summons and the Screening Order on the named Defendants. (*Id.*)   In the Screening Order, the Court summarized

---

[1]Plaintiff, a transgendered inmate, previously moved the Court to use female pronouns when referring to her. (ECF No. 24.) The Court granted Plaintiff's request. (ECF No. 26.)

Plaintiff's claims as follows: …

> plaintiff alleges that defendants violated plaintiff's Eighth Amendment rights by acting with deliberate indifference to plaintiff's safety. Specifically, plaintiff claims that defendants were aware of ongoing safety issues within the sex offender programs at the Madison and Belmont Correctional Institutions, where plaintiff was previously located, but have subjected plaintiff to continued physical and sexual victimization through mandatory participation in sex offender programming. (See Doc. 1-1, Complaint at PageID 15-17). Plaintiff further alleges that 67-MNH-12— the ODRC policy governing sex offender services—violates the Equal Protection Clause of the Fourteenth Amendment by mandating that male offenders participate in the program while allowing female offenders to participate on a voluntary basis.

(*Id*.) The Complaint named as Defendants Katie Trostel, Joshua Neff, Corby Free, Edward Shutek, and Annette Chambers-Smith in both their individual and official capacities. (ECF No. 3.)   In the Complaint, by way of relief, Plaintiff sought $750,000 in damages or punitive damages and asked the Court to enjoin ODRC from enforcing Policy 67-MNH-12.   (*Id*.)

By Order dated August 30, 2024, the Court dismissed Plaintiff's claim for monetary damages against Defendants in their official capacities and Plaintiff's claims for injunctive relief as to Defendants Edward Shutek and Joshua Neff. (ECF No. 83.)   Further, the Court adopted the recommendation that Plaintiff waived her right to pursue a claim for damages under the *Leaman* doctrine and dismissed Plaintiff's claims for damages against Defendants in their individual capacities.   Following those rulings, the only remaining claim was Plaintiff's claim for injunctive relief against Defendants Katherine Trostel, Kelly Storm, Corby Free, and Annette Chambers-Smith in their official capacities.   (*Id*.)

On September 3, 2024, the Court issued a Scheduling Order.   (ECF No. 84.)   Pursuant to that Scheduling Order, discovery was due on March 3, 2025, and dispositive motions were due on June 3, 2025. (ECF No. 84.)   Well prior to the close of discovery, Plaintiff filed a Motion for Summary Judgment on January 27, 2025, prompting Defendants to seek an extension of time for their response to coincide with the due date for dispositive motions. (ECF Nos. 93, 98.)   By notation order dated February 12, 2025, the Court granted Defendants until June 3, 2025, to respond

to Plaintiff's Motion for Summary Judgment.    (ECF No. 100.)    In an Order dated March 18, 2025, addressed to various motions, the Court denied without prejudice Plaintiff's Motion for Summary Judgment, a ruling made not on the merits, but for purposes of judicial efficiency and resource allocation, given the extension granted to Defendants. (ECF No. 101.)    The Court directed Plaintiff to re-file her Motion for Summary Judgment no earlier than ten days prior to June 3, 2025, and no later than the deadline itself.    On April 29, 2025, Defendants filed a combined Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment.[2]

Plaintiff did not re-file her Motion for Summary Judgment nor otherwise express any intention to renew that Motion, for example by filing a Reply in support of her Motion for Summary Judgment following Defendants' Response, ECF No. 102.    Further, Plaintiff did not respond to Defendants' separately filed Cross Motion for Summary Judgment, ECF No. 103.    Indeed, Plaintiff, who had been a consistently active litigator throughout this action, did not file anything for nearly six months, including any requests for extension of time relating to dispositive motions. This caused the Court to issue a Show Cause Order on July 24, 2025, directing Plaintiff to show cause as to why Defendants' Cross Motion for Summary Judgment should not be considered by the Court as unopposed or why this action should not otherwise be dismissed for failure to prosecute. (ECF No. 104.)

Plaintiff responded to the Show Cause Order on August 12, 2025, and, in part, requested a stay of this case until December 8, 2025.    (ECF No. 105.)    The Court entered a temporary stay by Order dated August 14, 2025. (ECF No. 106.)    Although Plaintiff had requested a stay through December 8, 2025, the Court granted the stay only through October 17, 2025, and directed Plaintiff

_____

[2]More accurately, Defendants filed two copies of the identical document, one appearing on the Court's docket as a Response in Opposition to Plaintiff's Motion (ECF No. 102) and one appearing on the Court's docket as Defendants' Cross Motion for Summary Judgment. (ECF No. 103.)

to file a Status Report on that same date, updating the Court as to her circumstances and her progress in moving forward with this action. (*Id.*)

That Order, mailed to Plaintiff at her Chillicothe Correctional Institution address, was not returned to the Court as undeliverable.[3]  Plaintiff did not file a Status Report on October 17, 2025, as ordered.   Following the Court's further review, the Clerk's office mailed the Order to Plaintiff at her previously provided Southern Ohio Correctional Facility address.   That mailing was returned to the Court as undeliverable on November 24, 2025.   (ECF No. 107.)   The returned envelope indicated that Plaintiff had been released.   Out of an abundance of caution, the Court opted to wait until Plaintiff's previously requested date of December 8, 2025, the date by which she had represented that she would be "able to properly defend/prosecute this matter."   (ECF No. 105 at 2.)   That date passed, and Plaintiff failed to file anything substantive or update the Court as to her post-release address.

By Order dated December 9, 2025, the Court directed Plaintiff to file a "Notice of New Address" that advises the Court of her current address by December 23, 2025.   (ECF No. 108.) Further, the Court advised Plaintiff that if she intended to proceed with this case, she must re-file her Motion for Summary Judgment and/or respond to Defendants' separately filed Cross Motion for Summary Judgment by that same date.   (*Id.*)   The Court cautioned Plaintiff that her failure to file a Notice of New Address by December 23, 2025, would result in the recommendation that this case be dismissed for failure to prosecute. (*Id.*)   Additionally, the Court advised Plaintiff that if she did not file a response to Defendants' Motion by December 23, 2025, the Court may proceed to consider the Motion without considering any arguments or evidence presented by Plaintiff.

On January 5, 2025, the Court's most recent Order (ECF No. 108) was returned as

---

[3]As the Order issued October 17, 2025, reflected, Plaintiff had provided her updated address as the Southern Ohio Correctional Facility. (ECF No. 106.) Nevertheless, the docket was not updated at that time.

undeliverable.   (ECF No. 109.)   Consequently, to date, Plaintiff has not responded to the Court's Order dated December 9, 2025, in any way.

## II.

A plaintiff has an affirmative duty to notify the court of any change in her address.   *Stephens v. Page*, No. 2:24-CV-35, 2024 WL 2701961, at *1–2 (S.D. Ohio May 24, 2024), *report and recommendation adopted sub nom. Stephens v. Paige,* No. 2:24-CV-35, 2024 WL 2941841 (S.D. Ohio June 11, 2024) (citing *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994)).   Indeed, a plaintiff's failure to supply the Court with an updated address may subject the case to dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute.   *Id*. (citing *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address").

Under Federal Rule of Civil Procedure 41(b), a federal court may dismiss a claim for failure to prosecute or comply with an order on a motion by the defendant. Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."   *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).   "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."   *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements."   *Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citation omitted).

When contemplating dismissal of a case under Rule 41(b), a court must consider four factors:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before

dismissal was ordered.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

Here, these factors weigh in favor of dismissal. First, Plaintiff's failure to update her address constitutes willfulness, bad faith, or fault, because it demonstrates reckless disregard for how her actions, or inactions, impact her case. *Stephens*, 2024 WL 2701961, at *2 (citing *See Wu v. T.W. Tang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) ("For a plaintiff's actions to be motivated by bad faith, willfulness or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings"); *see also Fountain v. Warden, Franklin Med. Ctr.*, 2013 WL 2468361, at *2 (S.D. Ohio June 7, 2013), *report and recommendation adopted*, 2013 WL 3467057 (S.D. Ohio July 9, 2013) (finding that a plaintiff's failure to update his address exhibited reckless disregard for the effect of his conduct on the proceedings); *Keaton v. Bennett*, 322 F.R.D. 303, 305 (N.D. Ohio 2017) (finding that *pro se* plaintiff's failure to provide the court with updated contact information was "indicative of his disregard for the court's ability to manage th[e] litigation in an orderly fashion" and amounted to fault). In short, Plaintiff has deprived this Court of a means to contact her about her case.

Second, as described above, Plaintiff has caused lengthy delay here and has hampered the Court's ability to resolve this case in an orderly fashion. As a result, Defendants have been deprived of a prompt resolution of this matter, resulting in prejudice.

Third, the Court's most recent Order explicitly stated that Plaintiff's failure to update her address would result in dismissal of this case. (ECF No. 108.) Although the Order (ECF No. 108) was returned as undeliverable, the Court nevertheless attempted to warn Plaintiff that her conduct would result in a dismissal. *See Sullivan v. Waffle House*, No. 1:06-cv-63, 2006 WL 3007360, at *2 (E.D. Tenn. Oct. 19, 2006) (dismissing action even though the Court's warnings did not reach the plaintiff due to his failure to update his address); *Bryant v. Warden, Franklin Cnty.*

*Corr. Ctr.*, No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017), *report and recommendation adopted*, No. 2:17-CV-00335, 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017) (same).

Finally, there is no sanction less drastic than dismissal that would be appropriate under the circumstances. Any other sanction that the Court might impose would not reach Plaintiff because she has left the Court with no means of contacting her. *See Sullivan*, 2006 WL 3007360, at * 2 ("[E]ven if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff."); *Alger v. McDowell*, No. 19-12889, 2022 WL 2349722, at *2 (E.D. Mich. May 12, 2022), *report and recommendation adopted*, 2022 WL 2345737 (E.D. Mich. June 29, 2022) ("[G]iven Plaintiff's failure to respond to the Court's Order to Show Cause, the undersigned sees no utility in considering or imposing lesser sanctions.").

Having considered the relevant factors, the Court finds that dismissal of this action is an appropriate sanction for Plaintiff's failure to update her address. Under the circumstances described above it is **RECOMMENDED** that this dismissal be **without prejudice**.

### III.

For the reasons stated above, it is **RECOMMENDED** that this case be **DISMISSED without prejudice** pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute and that Defendants' Cross Motion for Summary Judgment (ECF No. 103) be **DENIED as moot**.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


**DATE:   February 3, 2026**                                    _____ /s/ _Elizabeth A. Preston Deavers___
                                                                                **ELIZABETH A. PRESTON DEAVERS**
                                                                                **UNITED STATES MAGISTRATE JUDGE**